IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

STEPHEN SNUFFER,

                    Plaintiff,

v.                                          CIVIL ACTION NO.   5:15-cv-13921

LIBERTY UNIVERSITY, INC.,

                    Defendant.


MEMORANDUM OPINION AND ORDER


The Court has reviewed the *Plaintiff's Motion to Remand* (Document 3) and the *Defendant's Response to Plaintiff's Motion to Remand* (Document 7).   In addition, the Court has reviewed the Plaintiff's *Class Action Complaint* (Document 1-2), the Defendant's *Notice of Removal* (Document 1), and all attachments.   Following careful consideration, for the reasons stated herein, the Court finds that the Plaintiff's motion must be granted.


FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Stephen Snuffer, initiated this action by filing his complaint in the Circuit Court of Raleigh County, West Virginia, on September 10, 2015.[1]   He alleges that the Defendant, Liberty University, sent him a debt collection letter dated July 28, 2015, that violated the West Virginia Consumer Credit and Protection Act (WVCCPA).   The Defendant removed the action to

---

[1] Though the Plaintiff included class action claims, neither party has put forth evidence regarding the size of the putative class or the value of the class claims, and so only Mr. Snuffer's individual claims are relevant to determine whether the Court has jurisdiction.

this Court on October 13, 2015.   The Plaintiff filed his motion to remand on October 14, 2015,

and the Defendant filed its response on October 28, 2015.

Mr. Snuffer, a West Virginia resident, alleges that Liberty University, a Virginia

corporation, mailed him a letter on July 28, 2015.   The letter, titled "URGENT FINAL NOTICE,"

set forth an account balance of $2,470.89, "possible interest" of $892.80, and a "possible amount

due" of $3,363.69.   (July 28 Letter, att'd to Pl.'s Compl. as Ex. 1) (Document 1-2.)   The text of

the letter is as follows:

> Our records indicate that the account listed above is still **past due**.
> It is extremely important that you pay this balance in full or contact
> our office to make approved payment arrangements by **August 11,
> 2015**.  If we do not receive a response from you, we will assume
> that you refuse to pay this debt on a voluntary basis and will then
> proceed with your account being placed with an independent
> collection agency for further action.
>
> If this happens, it will severely damage your credit rating as your
> debt will be reported to all three (3) major credit bureaus and you
> will be responsible for collection costs of up to 33%.   You will also
> be responsible for attorney fees and court costs if it is necessary to
> take legal action to collect this debt.
>
> Please do not delay! Liberty University is here to help you!   Your
> Student Accounts team can help you resolve your debt and avoid
> further collection activity.
>
> Your prompt attention with this matter is greatly appreciated!

(*Id.*)(emphasis in original.)   The letter then provides the address for the student accounts

department at Liberty University and lists payment options.

The Plaintiff asserts that the letter violates the WVCCPA by "attempting to collect a debt

by threats or coercion" in violation of West Virginia Code § 46A-2-124, specifically subsections

(b) and (c).   Those subsections provide that it is a violation to accuse, or threaten to accuse, a

2

person of fraud or any crime or conduct that would tend to subject the person to disgrace or ridicule, or to falsely claim (e.g., to a credit reporting agency) that the person is willfully refusing to pay a just debt.  W. Va. Code § 46A-2-124(b), (c).  He alleges that the letter violates § 46A-2-125 by threating "to add collection fees and attorney fees to the alleged debt."  (Compl., ¶ 10(c.))  He asserts that the threat to add attorney fees and other fees also violates § 46A-2-127(g), and that the letter "falsely represents the character, extent, or amount of [the] claim against [him]" in violation of § 46A-2-127(d).  The Plaintiff further asserts that the letter is an unfair or unconscionable attempt to collect a debt, in violation of § 46A-2-128, specifically subsections (c) and (d).

The Plaintiff alleges that he was "annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress."  He seeks damages for his distress, maximum statutory damages pursuant to West Virginia Code § 46A-5-101(1), and attorney's fees.

### STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.  28 U.S.C. § 1441(a).[2]  This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or

---

2    Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

3

value of $75,000, exclusive of interests and costs.   28 U.S.C. § 1332(a)(1)-(2).   Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal.   *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441.   Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal."   28 U.S.C. § 1446(a).   The notice of removal must be filed within thirty days after receipt of the initial pleading.   It is a long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter.   *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).

Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence.   *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)).   Where the amount in controversy is not specified in the complaint, the defendant must "demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S. D. W. Va. 1996) (Copenhaver, J.)

In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

There is no dispute between the parties with respect to complete diversity of citizenship; both agree that the Plaintiff is a West Virginia citizen and the Defendant is a Virginia corporation with its principal place of business in Virginia.   The only issue for the Court is whether the amount in controversy requirement has been met.   In its notice of removal, the Defendant suggests that the amount in controversy requirement is met because the Plaintiff "claim[s] damages for 'annoyance, distress, bother and anxiety,' 'statutory damages,' and the 'cost of litigation.'"   (Not. of Removal at 2.)   The Plaintiff argues that the Defendant did not meet its burden of presenting evidence that the amount in controversy exceeds $75,000.   In response, the Defendant sets forth more detailed calculations of the potential awards should the Plaintiff prevail in this litigation.

The Defendant asserts that it sent the Plaintiff two of the letters recounted above, one on June 27, 2013, and the second, as attached to the complaint, mailed on July 28, 2015.   (Def. Resp. at 4.)   The Defendant counted ten asserted violations in the Plaintiff's complaint, which referenced only one letter.   Thus, it argues, "[t]he 10 alleged violations per letter make the amount in controversy at least $20,000."   (*Id.*)   Further, the Defendant suggests that the Plaintiff could argue that the 2013 letter is subject to the pre-2015 inflation adjustment, potentially bringing the amount in controversy with respect to that letter to $47,100.   Next, the Defendant uses a 2:1 ratio for non-economic to economic damages for a potential amount in controversy of $40,000 for the Plaintiff's alleged annoyance and distress.   Finally, the Defendant calculates attorney fees of

5

$19,800 based on a 1/3 contingency fee.   Thus, the Defendant argues that the amount in controversy is at least $79,800.

The Court finds the Defendant's calculations to be inflated.   At most, the Plaintiff alleged violation of seven separate sub-sections of the WVCCPA.   Further, the Court notes that the Plaintiff relies on the same facts for multiple alleged violations.   The Court declines the opportunity to speculate, with the Defendant, that the Plaintiff will seek an inflation adjustment under the pre-2015 law for a 2013 letter that the Plaintiff did not reference in his complaint.   The Court is bound by the allegations in the Plaintiff's complaint, and thus, may consider only the letter the Plaintiff alleged was sent to him in violation of the WVCCPA.

While courts often use a multiplier to estimate non-economic damages, a court considering the amount in controversy "is not required to leave its common sense behind."   *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S. D. W. Va. 1994) (Faber, J.).   The Court declines to place an exact number on the potential non-economic damages.   The Defendant, as the removing party in this case, bears the burden of demonstrating that damages are likely to exceed the jurisdictional minimum.   The Court finds that the Defendant's suggested figure of $40,000 in non-economic damages is unsupported by the evidence, as is the use of a 2:1 multiplier under the facts presented.[3]   Accordingly, the Court finds that the Defendant's speculation as to potential awards does not suffice to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.   This Court, therefore, lacks jurisdiction, and this case must be remanded to the Circuit Court of Raleigh County, West Virginia.

---

3 As the Court has found that the complaint contains only seven alleged WVCCPA violations, for a potential statutory award of $7,000, even the Defendant's speculative and generous estimate of potential non-economic damages would not bring the amount in controversy to $75,000.

**ATTORNEY FEES**

The Plaintiff requested that he be awarded attorney fees and expenses associated with the removal of this action.   28 U.S.C. §1447(c) provides: "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   The award of such fees is discretionary.   The Court finds that the circumstances here do not warrant an award of fees, and, therefore denies the Plaintiff's request for fees.

**CONCLUSION**

Wherefore, following careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand* (Document 3) be **GRANTED** to the extent it seeks remand, and **DENIED** to the extent it seeks attorney fees. The Court further **ORDERS** that this case be **REMANDED** to the Circuit Court of Raleigh County, West Virginia, for further proceedings, and that any pending motions be **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Raleigh County, West Virginia, to counsel of record and to any unrepresented party.

ENTER:        January 13, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7